JOSEPH QUIN, RESPONDENT, *v.* THE CITY OF BUFFALO, APPELLANT.

*City — when it is liable to a contractor for the failure of the common council to have an assessment levied to pay the amount due to him — the fact that the plaintiff has assigned his claim is of no importance, if it has been reassigned to him before the commencement of the action.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the alleged negligence of the officers of the defendant.

The plaintiff performed labor upon Ferry street in the said city under the direction and employment of the street commissioners, and rendered his account to the street commissioner, who certified the same to be correct in all respects. Subsequently the common council adopted a resolution on the 23d day of December, 1878, audited and liquidated the claim at $94.50, and ordered an assessment to be made upon the property deemed benefited by said work, for the purpose of defraying the expense thereof. Thereupon an assessment was made by the assessors of the city, and the same was duly presented to the common council for its action, and the common council annulled the assessment by a resolution adopted

May 12, 1879, which was vetoed by the mayor of the city on the 26th day of May, 1879. Thereafter the common council took no action in the premises (except to unsuccessfully attempt to pass the resolution over the veto of the mayor).

The assessment was not confirmed, nor was another ordered by the common council. For such omission and neglect this action was commenced in September, 1879.

The court at General Term said: "When officers who are agents of a corporation, and not independent bodies, omit a duty, and their negligence causes damages to a party, he may maintain an action against such corporation to recover. (*Conrad* v. *The Trustees of Ithaca*, 16 N. Y., 158.) If they refuse or neglect to put the proper machinery in motion, to raise the necessary funds, or to put the claims presented in proper shape for liquidation and payment, then the law gives the creditor his remedy by action to compel payment. (*Buck* v. *City of Lockport*, 6 Lans., 254, and cases their cited; *Ganson* v. *The City of Buffalo*, 1 Keyes, 454; *Tone* v. *Mayor*, 70 id., 165; *Moore* v. *Mayor*, 73 id., 238.) Upon the trial evidence was given that the plaintiff had assigned his claim to one Demarest, and in answer thereto the plaintiff proved a reassignment to him before suit brought, and that he was owner of the claim for work and for damages arising from the negligence of the defendant.

"He was therefore the real party in interest, and the former ownership of Demarest did not stand in the way of a recovery by the plaintiff." (*Washoe Tool M. Co.* v. *Fire Insurance Company*, 7 Hun, 76; Code of Civil Pro., § 449.)

Opinion by HARDIN, J.; MULLIN, P. J., and SMITH, J., concurred.

*Giles E. Stilwell*, for the appellant.

*Hawkins, Plumley & Gibbs*, for the respondent.

Judgment and order affirmed.